Isabel ORDONEZ and Sylvia Flores Ordonez, As Next of Friend of Alfredo Ordonez, Jr., Appellants,

v.

EL PASO COUNTY, Texas, Sheriff Leo Samaniego, and Unknown Detention Officers, Appellees.

No. 08–03–00524–CV.

Court of Appeals of Texas, El Paso.

March 10, 2005.

Patrick Bramblett, Bramblett & Associates, El Paso, for Appellants.

Maria A. Salas–Mendoza, Assistant County Attorney, El Paso, for Appellees.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

Appellants Isabel Ordonez and Sylvia Flores Ordonez, as next friend of Alfredo Ordonez, Jr., a minor child (Alfredo Ordo-

nez's son), appeal from the trial court's granting of a plea to the jurisdiction in favor of Appellees El Paso County, Texas, Sheriff Leo Samaniego, and unknown detention officers. The plea to the jurisdiction was based upon governmental immunity from the law suit. The issue on appeal is whether the Texas Tort Claims Act waives immunity for the severe beating which resulted in the death of Alfredo Ordonez, which occurred at the El Paso County Detention Facility. We affirm.

In March 1994, Alfredo Ordonez was placed in tank 550 in the El Paso County Detention Center. At the time, tank 550 had twenty-three inmates, which violated state jail standards on over crowding. There were also known rival gang members in the tank, and Mr. Ordonez request to be transferred to another tank was rejected. Mr. Ordonez was brutally attacked by the rival gang members. He was kicked, punched, his head was thrust against an iron object causing severe head trauma, and he received a stab wound to the side of his head. He was taken to a hospital, but on March 25, 1994, Mr. Ordonez died of his injuries.

On March 21, 1996, the Appellants filed their action against Appellees County of El Paso, Texas, Sheriff Leo Samaniego, individually, and in his official capacity as the Sheriff of El Paso County, and unknown detention officers. The Appellees filed a plea to the jurisdiction, asserting that Appellants' petition did not fall within the limited waiver of immunity under Section 101.021(2) of the Texas Torts Claims Act. Appellants responded to the plea of jurisdiction and Appellees filed a brief in support of their plea. Appellants then concurrently filed a second amended petition and a memorandum brief in response to the plea to jurisdiction. The district court granted the plea to the jurisdiction.

Appellants then filed a Motion to Reinstate their cause of action to which the Appellees responded. Prior to a decision being rendered on this motion, Appellants filed a notice of appeal. The district court then entered an order in which it found the Motion to Reinstate to be in fact a motion for new trial, and denied such motion. Appellants then timely filed an amended notice of appeal.

On appeal, Appellants claim that because Mr. Ordonez's death arose from the use or condition of tangible property or real property, immunity was waived by the provisions of the Texas Tort Claims Act. Appellants analogize the facts in this case to *City of Waco v. Hester*, 805 S.W.2d 807 (Tex.App.-Waco 1990, writ denied), and argue that the holding tank, the cellblock structure itself is personal or real property, and that housing the inmates in that tank was analogous to the use of property. The use of the tank, Appellants argue, falls within the statutory waiver of the Texas Tort Claims Act. In Issue Two, Appellants argue that since their cause of action falls within the Texas Tort Claims Act, the trial court had subject-matter jurisdiction and improperly granted the Defendant's plea to the jurisdiction.

### Plea to the Jurisdiction

■ A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). When deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition. *Liberty Mut. Ins. Co. v.*

*Sharp*, 874 S.W.2d 736, 739 (Tex.App.-Austin, writ denied). We take allegations in the pleadings as true and construe them in favor of the pleader. *Texas Ass'n of Business*, 852 S.W.2d at 446.

### Sovereign Immunity

■ Sovereign immunity has two component parts-immunity from suit and immunity from liability. *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970); *Ntreh v. University of Tex. at Dallas*, 936 S.W.2d 649, 651 (Tex.App.-Dallas 1996), *rev'd in part on other grounds*, 947 S.W.2d 202 (Tex.1997). Sovereign immunity from suit bars suits against units of state government unless express consent has been given. *Ntreh*, 936 S.W.2d at 651; *Green Int'l, Inc. v. State*, 877 S.W.2d 428, 432 (Tex.App.-Austin 1994, writ dism'd). A party suing a governmental entity must allege consent to suit either by reference to statute or express legislative permission. *Missouri Pac. R.R. Co.*, 453 S.W.2d at 814; *Ntreh*, 936 S.W.2d at 651. If a governmental entity is sued without legislative consent, the trial court should grant the governmental entity's plea to the jurisdiction. *See State v. Lain*, 162 Tex. 549, 552, 349 S.W.2d 579, 582 (1961); *Holder v. Mellon Mortg. Co.*, 954 S.W.2d 786, 804 (Tex.App.-Houston [14th Dist.] 1997, no writ), *rev'd on other grounds*, 5 S.W.3d 654 (Tex. 1999); *Vincent v. West Tex. State Univ.*, 895 S.W.2d 469, 472 (Tex.App.-Amarillo 1995, no writ).

### Texas Tort Claims Act

■ The tort claims act constitutes a limited waiver of sovereign immunity. The Texas Tort Claims Act provides that governmental units are liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negli-

gence of an employee acting within his scope of employment if:

 (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

 (B) the employee would be personally liable to the claimant according to Texas law; and

 (2) personal injury and death so caused by a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). However, this waiver of immunity does not extend to an injury arising from an intentional tort or governmental discretionary conduct. TEX.CIV. PRAC. & REM.CODE ANN. § 101.057. In this case, Appellants rely on Section 101.021(2) to establish waiver of immunity, asserting that Mr. Ordonez's injuries were proximately caused by the tank "vis-a-vis the incarceration and integration of rival gangs."

 In order to state a claim for which immunity is waived, usage of the property itself must have actually caused the injury. *Texas Dept. Of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001); *Texas Natural Resource Conservation Comm'n v. White*, 46 S.W.3d 864, 869 (Tex.2001). The use of the property must be a "substantial factor in bringing about the injury...." *San Antonio State Hospital v. Koehler*, 981 S.W.2d 32, 35 (Tex. App.-San Antonio 1998, pet. denied). The injury must be proximately caused by the condition or use of the property. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). Inci-

dental involvement of the property is insufficient. *Id.; City of Midland v. Sullivan*, 33 S.W.3d 1, 8 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.). Property does not cause injury if it does no more than furnish the condition that makes injury possible. *Bossley*, 968 S.W.2d at 343; *Sullivan*, 33 S.W.3d at 8. Although a room may be part of the context and condition that made a personal injury possible, such a setting without more, cannot satisfy the requirement of proximate cause under the Act. *Scott v. Prairie View A & M Univ.*, 7 S.W.3d 717, 720 (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *see also Hendrix v. Bexar County Hosp. Dist.*, 31 S.W.3d 661, 663 (Tex.App.-San Antonio 2000, pet. denied), *citing San Antonio State Hosp. v. Koehler*, 981 S.W.2d 32, 37 (Tex.App.-San Antonio 1998, pet. denied).

In this case, Appellants' allegations are at best that the tank was merely involved. While not placing Mr. Ordonez in the tank may have prevented him from being beaten, the tank itself was not the proximate cause of his injuries. The placing of Mr. Ordonez in the tank with rival gang members may have given them access to Mr. Ordonez, but we cannot say that the use of the tank caused the injury.

Appellants attempt to analogize the facts in this case to the *Hester* opinion. *Hester* involved a former inmate who sued the city and police chief under the Act after being sexually assaulted by another inmate in jail. *Hester*, 805 S.W.2d at 809. In *Hester*, the jury determined that the city's negligent implementation of policies concerning the use of tangible personal or real property proximately caused Hester injuries. *Id.* at 813. The Waco Court of Appeals concluded that the following property was "used:" (1) the room in which the attack took place; (2) the closed steel door that deterred proper surveillance; and (3) the television set the guards were known

to watch instead of surveillance monitors. *Id.* at 815. As the Appellants acknowledged, *Hester* has been criticized in other opinions. *See Tarrant County Hospital District v. Henry,* 52 S.W.3d 434, 442 (Tex. App.-Fort Worth 2001, no pet.)(declining to follow *Hester*); *Scott,* 7 S.W.3d at 720 (stating that the day room and door were not defective and were too attenuated from the actual injury to be considered the proximate cause of the inmate's injury); *Laman v. Big Spring State Hospital,* 970 S.W.2d 670, 672 (Tex.App.-Eastland 1998, pet. denied)(refusing to follow Hester to the extent it holds that a room is personalty or that a cause of action will lie for the negligent use of real property and noting that Hester is better supported by the court's reasoning that the television set was tangible personal property). As we have previously said, *Hester* does not hold that the negligent implementation of policy is sufficient, standing alone, to waive immunity. *See Renteria v. Housing Authority of the City of El Paso,* 96 S.W.3d 454, 458 (Tex.App.-El Paso 2002, pet. denied). Appellants in this case have not shown that the condition or use of the property, i.e. that holding tank, was a substantial factor in bringing about Mr. Ordonez's injuries.

 Appellants weave into their argument the claim that the Appellees in this case negligently implemented the policy of not housing rival gang inmates in the same holding tank. However, the assertion of a negligent implementation theory of liability can arise only after a plaintiff has properly asserted a waiver of immunity under Section 101.021 of the tort claims act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021; *City of Orange v. Jackson,* 927 S.W.2d 784, 786 (Tex.App.-Beaumont 1996, no writ). In this case, since Appellants did not assert any claim that fell within the scope of Section 101.021 of the tort claims act, the

theory of negligent implementation liability does not arise in this case. *Jackson,* 927 S.W.2d at 786. For the reasons stated, we find that there is no waiver of sovereign immunity as to Appellants claim. We overrule both of Appellants' issues on appeal.

We affirm the trial court's judgment.