In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00001-CV


____________________



HARDIN COUNTY SHERIFF'S DEPARTMENT, Appellant



V.



JUSTIN W. SMITH, Appellee






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 48,904






OPINION


 The Hardin County Sheriff's Department ("the County") appeals the denial of its plea
to the jurisdiction in a tort suit filed by Justin W. Smith. We reverse the order and render
judgment dismissing the case. 

 Smith's petition alleged he was the victim of mistaken identity. Smith alleged he
entered an Austin office of the Texas Department of Public Safety ("DPS") to renew his
driver's license. Believing Smith to be a person for whom a warrant for credit card abuse
had issued out of Silsbee, Texas, a DPS officer arrested Smith. Smith was confined in Travis
County jail facilities for several days before he was transferred by automobile to Hardin
County. Smith suffered from kidney stones while he was confined in Travis County. Once
Smith was transferred to Hardin County he was put in a jail cell with general population and
then released on a $2,500 bond. The Silsbee Police Department later determined that Smith
and the person for whom a warrant had issued had different middle names and dates of birth. Alleging that the defendants failed to adequately investigate the charges, Smith sued
the Texas Department of Public Safety, the Silsbee Police Department, and the Hardin
County Sheriff's Office for negligence, gross negligence, and intentional infliction of
emotional distress. Hardin County answered the suit in the name of the Hardin County
Sheriff's Department and pled the County's immunity barred Smith's claims. After Smith
settled with the other governmental entities, the County is the sole remaining defendant. In its plea to the jurisdiction, the County asserted that Smith's claims do not fall within
the limited waiver of immunity found in the Texas Tort Claims Act. In his response, Smith
alleged the County's acts fall within both subsections of section 101.021 of the Tort Claims
Act: (1) negligent use of a motor-driven vehicle; (2) negligent use of tangible personal
property and negligent use of real property. See Tex. Civ. Prac. & Rem. Code Ann. §
101.021 (Vernon 2005). Smith described the County's actions as follows: 

 Mr. Smith was subsequently transferred out of the Travis County facility by
Hardin County at approximately three (3) in the morning and relocated by
vehicle to a Hardin County jail where he [was] put in a cell with general
population. After nearly another day wrongfully imprisoned, Mr. Smith was
released on a $2,500.00 bond.


 In its first issue, the County contends its immunity has not been waived regarding
Smith's intentional tort claims. Smith argues the County's immunity is waived by section
101.021 of the Texas Civil Practice & Remedies Code. However, this section applies only
to traditional negligence causes of action. Chapter 101.057 makes clear that this general
waiver of sovereign immunity "does not apply to a claim . . . arising out of assault, battery,
false imprisonment, or any other intentional tort . . . ." Tex. Civ. Prac. & Rem. Code Ann.
§ 101.057(2) (Vernon 2005); see City of Galveston v. State, 217 S.W.3d 466, 470 (Tex.
2007) (citing section 101.057 as an example of the Legislature's having "exempt[ed] a
variety of activities from any waiver at all"); Midland Indep. Sch. Dist. v. Watley, 216
S.W.3d 374, 382 (Tex. App.--Eastland 2006, no pet.). Because Smith's claim for intentional
infliction of emotional distress is an intentional tort for which immunity has not been waived
under the Tort Claims Act, we sustain issue one.

 In its second issue, the County contends that Smith's petition alleged only incidental,
non-negligent use or non-use of a motor vehicle, real property, and tangible personal
property. Smith contends section 101.021 of the Tort Claims Act waives the County's
immunity for his negligence claims. To state a claim for which immunity is waived, the use
of the property itself must actually cause the injury. Tex. Dep't of Crim. Justice v. Miller, 51
S.W.3d 583, 588 (Tex. 2001) (explaining that alleged misuse of medications and diagnostic
equipment was not use of tangible personal property for purposes of waiver of governmental
immunity for death of mis-diagnosed patient).

 Smith argues that section 101.021(1) of the Tort Claims Act applies because a police
vehicle was used to transport Smith from the Travis County jail to the Hardin County jail. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1). To establish liability under section
101.021(1), the plaintiff must show a causal nexus between the injury and the operation or
use of the motor vehicle. LeLeaux v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49,
51 (Tex. 1992). Use that merely makes the injury possible does not support a waiver of
immunity. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542-43 (Tex. 2003)
(explaining that passenger's injuries from assault did not arise from the use of a motor
vehicle where bus driver wrongfully ejected passenger from a bus in a dangerous area). 
Although Smith was confined in a motor vehicle, and being transported in the vehicle
extended Smith's confinement to a jail in another part of the state, the vehicle itself was not
operated in a manner that caused injury to Smith. Smith has not shown a sufficient nexus
between his injuries and the use of a motor vehicle.

 Next, Smith argues that section 101.021(2) of the Tort Claims Act applies because the
County denied Smith the use and enjoyment of his personal property. See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(2). To establish a waiver of governmental immunity, the use
of tangible personal property must be by the government employee. Merely supplying
nondefective property to be used by others and nothing more is not use of tangible personal
property by a state employee. Tex. A & M Univ. v. Bishop, 156 S.W.3d 580, 583, 585 (Tex.
2005) (providing knife to drama student who injured fellow student was not use by faculty
advisors of tangible personal property); San Antonio State Hosp. v. Cowan, 128 S.W.3d 244,
245-46 (Tex. 2004) (explaining that the Hospital's immunity was not waived for confined
patient's use of his own personal property to commit suicide). Likewise, the non-use of
tangible personal property is not use for purposes of section 101.021. Miller, 51 S.W.3d at
588. Here, the non-use of tangible personal property by a person other than a government
employee does not establish a waiver of immunity.

 Finally, Smith argues the use of a jail cell to restrict Smith was a misuse of real
property. Section 101.021(2) encompasses governmental liability for a condition of real
property. DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex. 1995). Because a jail cell
that confines its occupant is operating as intended, its use to confine a person lacks the
required causal nexus if the cell merely provides the condition that made a personal injury
possible. See Ordonez v. El Paso County, 224 S.W.3d 240, 244 (Tex. App.--El Paso 2005,
no pet.) ("While not placing Mr. Ordonez in the tank may have prevented him from being
beaten, the tank itself was not the proximate cause of his injuries."). Smith's alleged injury
of missed employment opportunities was not caused by a defective condition of the cell. 
Smith has not alleged a claim for which governmental immunity is waived under section
101.021(2) of the Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). 
We sustain issue two.

 In its third issue, the County challenges Smith's argument to the trial court that equity
demands that sovereign immunity be waived. Smith contends state law should extend the
procedures for compensation recoverable by wrongfully convicted persons to those who are
wrongfully detained. See Tex. Civ. Prac. & Rem. Code Ann. § 103.001 (Vernon 2005). 
Governmental immunity protects governmental entities from lawsuits for damages absent
legislative consent. See Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997) ("This
Court has long recognized that sovereign immunity, unless waived, protects the State of
Texas, its agencies and its officials from lawsuits for damages, absent legislative consent to
sue the State."), superseded by statute on other grounds, Act of May 30, 1999, 76th Leg.,
R.S., Ch. 1352, § 9, 1999 Tex. Gen. Laws 4578, 4583, as noted in Gen. Servs. Comm'n v.
Little-Tex Insulation Co., 39 S.W.3d 591, 593, 595 (Tex. 2001). The Supreme Court has
declined to create a "waiver-by-conduct exception to the sovereign-immunity rule." Tex.
Nat. Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 856-57 (Tex. 2002). "[I]t is the
Legislature's sole province to waive or abrogate sovereign immunity." Id. at 857. We
sustain issue three.

 We reverse the trial court's order overruling the County's plea to the jurisdiction and
dismiss the cause. 

 REVERSED; CAUSE DISMISSED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on May 7, 2009

Opinion Delivered July 30, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.