

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00060-CV

**CHRISTOPHER JONES,**

**Appellant**

 **v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL DIVISION, ET AL.,**

**Appellees**

### From the 12th District Court
### Madison County, Texas
### Trial Court No. 08-11662-012

## O P I N I O N

Christopher Jones brings this interlocutory appeal from the granting of a motion to dismiss filed by the Texas Department of Criminal Justice and a plea to the jurisdiction filed by TDCJ and four TDCJ employees. He contends in five issues that: (1) the court abused its discretion by granting TDCJ's motion to dismiss his suit against the individual appellees under section 101.106 of the Tort Claims Act even though he also filed claims under title 42, section 1983 of the U.S. Code; (2) the court abused its discretion by granting the plea to the jurisdiction without first reviewing his petition

and the proceedings to determine in which capacity the individual appellees were sued; (3) the court erred by dismissing his suit before ruling on his pending motions for discovery and for summary judgment; (4) the court erred by dismissing his suit "without understanding or paying attention to the actual facts and legal theories" alleged; and (5) he has been prejudiced by the district clerk's failure to provide complete records to himself and to this Court. We will affirm in part and dismiss in part.

## Background

Jones's "Second Amended Complaint Original Petition" names seven defendants: the Texas Department of Criminal Justice—Institutional Division, TDCJ Director Nathaniel Quarterman, Correctional Officer Captain Smith, Security Staff Sergeant Emertson, Grievance Coordinator C. McGilbra, Assistant Warden Gary Hunter, and Assistant Administrator Veronica Brisher.[1]

Jones's legal claims arise from five factually distinct incidents. In essence, Jones complains about several instances of misconduct by two prison employees and further complains about the failure of supervisors to discipline these employees and the handling of grievances he filed regarding these claims of misconduct.

Jones alleges in his second amended complaint that:

- Smith "maliciously sadisticly [sic] and wantonly" handcuffed Jones without provocation or just cause after strip searching him and then, with Emertson, "marched [him] from one end of the Ferguson Unit Prison Facility to the other completely naked, needlessly, in front of numerous inmates and male and female prison staff";

---

[1] Jones alleged only the defendants' last names with the exception of Quarterman. Where other first names or initials are indicated, those were obtained from the defendants' pleadings.

- Smith and Emertson "acted wantonly, maliciously and sadisticly [sic] began punching [Jones] in the back of his head and began ramming his face and forehead into the wall while he was handcuffed," causing him to suffer physical injuries and to be "terrified, outraged, humiliated, and fear[ful] for his life";

- he was "maliciously sadisticly [sic] placed in a solitary cell handcuffed without any of the basic human necessities for 12 hours" by Smith and Emertson;

- Smith and Emertson "sadisticly [sic], wantonly" failed to follow TDCJ policy regarding securing, collecting and storing inmate property and committed theft by failing to return his property to him; and

- the remaining defendants failed to properly handle the grievances he filed with regard to these incidents.

Before Jones filed his second amended complaint, TDCJ filed a motion to dismiss his claims against Quarterman, McGilbra, Hunter and Brisher under section 101.106(e) of the Texas Tort Claims Act. Several months after he filed the second amended complaint, TDCJ, Quarterman, McGilbra, Hunter and Brisher filed a plea to the jurisdiction.[2]

After a hearing, the court granted the plea to the jurisdiction and the motion to dismiss in separate written orders. After reviewing a post-trial motion filed by Jones and the defendants' response to that motion, the court granted a new trial only with respect to Jones's claims under section 1983 against Quarterman, McGilbra, Hunter and Brisher in their individual capacities.

**Dismissal of State Law Claims**

Jones contends in his first issue that the court abused its discretion by granting TDCJ's motion to dismiss his suit against the individual appellees under section

---

[2]    Based on statements Jones made at the hearing on the motion to dismiss and plea to the jurisdiction, it appears that Smith and Emertson have not been served and are no longer TDCJ employees.

101.106(e) even though he also filed claims under section 1983. He contends in his third and fourth issues respectively that the court erred by dismissing his suit: (a) before ruling on his pending motions for discovery and for summary judgment and (b) "without understanding or paying attention to the actual facts and legal theories" alleged.

Appellees' motion to dismiss relies solely on section 101.106(e) as a basis for dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (Vernon 2005). We first must determine whether this Court has jurisdiction to address an interlocutory appeal from the granting of a motion to dismiss under section 101.106(e). *See Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007) ("Courts always have jurisdiction to determine their own jurisdiction.").

Section 51.014 of the Civil Practice and Remedies Code establishes our jurisdiction for most interlocutory appeals. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008). Subsections (5) and (8) of this statute expressly permit the appeal of an interlocutory order which:

> denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state; or

> grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001.

*Id.* § 51.014(a)(5), (8).

Several courts have concluded that they have jurisdiction under subsection (5) to review the *denial* of a motion to dismiss under section 101.106. *See City of Arlington v.*

*Randall*, 301 S.W.3d 896, 902 n.2 (Tex. App.—Fort Worth 2009, pet. filed); *Escalante v. Rowan*, 251 S.W.3d 720, 727 (Tex. App.—Houston [14th Dist.] 2008, pet. filed); *Lanphier v. Avis*, 244 S.W.3d 596, 598-99 (Tex. App.—Texarkana 2008, pet. dism'd w.o.j.); *Walkup v. Borchardt*, No. 07-06-00040-CV, 2006 WL 3455254, at *1 n.1 (Tex. App.—Amarillo Nov. 30, 2006, no pet.); *contra Hudak v. Campbell*, 232 S.W.3d 930, 931 (Tex. App.—Dallas 2007, no pet.).

Here, however, because the trial court granted TDCJ's dismissal motion and subsection (5) permits an appeal only from the denial of a pleading raising immunity, jurisdiction would have to lie under subsection (8) which permits an appeal from an interlocutory order which "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

> The reference to "plea to the jurisdiction" is not to a particular procedural vehicle but to the substance of the issue raised. Thus, an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle, such as a motion for summary judgment. By the same token, an interlocutory appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that can be jurisdictional.

*Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) (citing *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)); *accord Dallas County v. Autry*, 251 S.W.3d 155, 159-60 (Tex. App.—Dallas 2008, pet. denied). Thus, our jurisdiction to review the granting of the motion to dismiss rests on whether the motion raises jurisdictional grounds for dismissal. *See id.*

Section 101.106(e) provides, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."  TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).  The Supreme Court has construed a prior version of this statute[3] as conferring "an unequivocal grant of immunity."  *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997).  However, the Court did not specify in *Newman* what type of immunity was granted by the statute.

In subsequent cases, the Supreme Court has characterized the immunity conferred by section 101.106 as immunity from liability.  *Sykes*, 136 S.W.3d at 640; *Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 344 (Tex. 1998); *accord Snelling v. Mims*, 97 S.W.3d 646, 648 (Tex. App.—Waco 2002, no pet.); *see also Escalante*, 251 S.W.3d at 727 ("immunity defense"[4]); *Klein v. Hernandez*, 260 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2008, pet. granted) (Taft, J., concurring).  Several intermediate courts of appeal have characterized this statutory immunity as immunity from suit.  *See Saade v. Villarreal*, 280 S.W.3d 511, 521 (Tex. App.—Houston [14th Dist.] 2009, pet. filed); *Bailey v. Sanders*, 261 S.W.3d 153, 157 (Tex. App.—San Antonio 2008, no pet.); *Tex. Dep't of Agric. v. Calderon*, 221 S.W.3d 918, 922 (Tex. App.—Corpus Christi 2007, no pet.); *Meroney v. City of Colleyville*, 200 S.W.3d 707, 715 (Tex. App.—Fort Worth 2006, pet. granted,

---

[3]     The previous version of the statute provided, "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."  Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2005)).

[4]     "[I]mmunity from liability is an affirmative defense."  *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009).

judgm't vacated w.r.m.); *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 703 n.7 (Tex. App.—Austin 2005, no pet.).

We will follow the plain language of the Supreme Court's decisions in *Sykes* and *Bossley* and in our own decision in *Snelling* and treat the statutory immunity conferred by section 101.106 as immunity from liability.

"[I]mmunity from liability is an affirmative defense that cannot be raised by a plea to the jurisdiction." *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Therefore, the immunity conferred by section 101.106 is not jurisdictional. An order granting a motion to dismiss under section 101.106(e) cannot be appealed under section 51.014(a)(8) of the Civil Practice and Remedies Code. *See Simons*, 140 S.W.3d at 349; *Autry*, 251 S.W.3d at 159-60.

Accordingly, we dismiss Jones's first, third and fourth issues for want of jurisdiction. *See Matis v. Golden*, 228 S.W.3d 301, 305 (Tex. App.—Waco 2007, no pet.).

### Plea to the Jurisdiction

Jones contends in his second issue that the court abused its discretion by granting the plea to the jurisdiction without first reviewing his petition and the proceedings to determine in which capacity the individual appellees were sued. In particular, he claims that the court erred by failing to consider "the totality of the complaint." He argues that his "complaint alleged fact[s] that affirmatively demonstrated the district court's jurisdiction."

*Section 1983*

We begin with Jones's federal claims under section 1983, which establishes liability for:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C.S. § 1983 (LexisNexis 2002). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

Thus, the court properly granted the plea to the jurisdiction on Jones's federal claims against TDCJ and against Quarterman, McGilbra, Hunter and Brisher in their official capacities.[5] *McLane Co. v. Strayhorn*, 148 S.W.3d 644, 652 (Tex. App.—Austin 2004, pet. denied); *Terrell ex rel. Estate of Terrell v. Sisk*, 111 S.W.3d 274, 282 (Tex. App.—Texarkana 2003, no pet.).

*State Law Claims*

When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. We construe the pleadings liberally in favor of the plaintiff and look to his intent. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

---

[5] Regarding Jones's complaint that the trial court failed to determine in which capacity the individual appellees were sued before granting the plea to the jurisdiction, that complaint has been rendered moot by the court's ruling in its order partially granting Jones's motion for new trial as to his section 1983 claims against Quarterman, McGilbra, Hunter and Brisher in their individual capacities.

Jones claims that Smith and Emertson: (1) "negligently used handcuffs on [him]" "by using physical force sadisticly [sic] maliciously and wantonly which amounted to assault, battery, and cruel unusual treatment"; and (2) committed civil theft under Chapter 134 of the Civil Practice and Remedies Code by taking his property without due process and "may have acted under eminent domain."

Jones alleges that Quarterman, Hunter and Brisher violated his right to due process by failing to discipline Smith and Emertson. He alleges that these three defendants and McGilbra violated his right to due process by failing to provide him a meaningful grievance procedure, and by failing to enforce TDCJ policies regarding treatment of inmates.

Jones alleges that TDCJ is liable for negligently: (1) permitting Smith and Emertson to handcuff him and march him through the prison unit naked; (2) permitting Smith and Emertson to lock him in solitary confinement while still handcuffed without providing for his basic necessities; and (3) permitting the other defendants to engage in the conduct alleged in the previous paragraph.

Under section 101.021(2)[6] of the Texas Tort Claims Act, Jones can establish a waiver of immunity from suit and liability only by establishing that he sustained personal injury proximately caused by "a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2)

---

[6] Jones cannot establish a waiver of immunity under subsection (1) of the statute because he does not claim that his alleged injuries "arise[ ] from the operation or use of a motor-driven vehicle or motor-driven equipment." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (Vernon 2005).

(Vernon 2005). Jones's claims do not allege any injury caused by a condition of property. Thus, we focus on whether he has alleged that his injuries were proximately caused by a defendant's use of tangible personal property.

Jones's state law claims all flow from his complaints regarding his alleged treatment by Smith and Emertson. To the extent Jones alleges that they "negligently used handcuffs on [him]" "by using physical force sadisticly maliciously and wantonly which amounted to assault, battery, and cruel unusual treatment," he has alleged an intentional tort. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001); *Cameron County v. Ortega*, 291 S.W.3d 495, 498-99 (Tex. App.—Corpus Christi 2009, no pet.); *City of Garland v. Rivera*, 146 S.W.3d 334, 337-38 (Tex. App.—Dallas 2004, no pet.); *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ denied). The Texas Tort Claims Act does not waive immunity from suit for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 2005); *Petta*, 44 S.W.3d at 580; *Ortega*, 291 S.W.3d at 497-98; *Rivera*, 146 S.W.3d at 338; *Dunn*, 796 S.W.2d at 261.

To the extent Jones alleges that the handcuffs were used to restrain him in solitary confinement without basic necessities, the use of handcuffs was not a proximate cause of any injuries allegedly sustained in solitary confinement.[7] *See Hardin County Sheriff's Dep't v. Smith*, 290 S.W.3d 550, 553-54 (Tex. App.—Beaumont 2009, no pet.); *Ordonez v. El Paso County*, 224 S.W.3d 240, 244 (Tex. App.—El Paso 2005, no pet.); *see also*

---

[7] From our reading of Jones's second amended complaint, he does not allege that the prison cell itself proximately caused his alleged injuries. Nevertheless, the same result would obtain even if he had. *See Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); *Hardin County Sheriff's Dep't v. Smith*, 290 S.W.3d 550, 553-54 (Tex. App.—Beaumont 2009, no pet.); *Ordonez v. El Paso County*, 224 S.W.3d 240, 244 (Tex. App.—El Paso 2005, no pet.).

*Bossley*, 968 S.W.2d at 343 ("Property does not cause injury if it does no more than furnish the condition that makes the injury possible.").

Jones's theft claim plainly does not allege a personal injury. Assuming without deciding that it constitutes an allegation of property damage, such facts do not allege a claim for which immunity has been waived under section 101.021(2), which provides a waiver of immunity only for "personal injury and death." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

Jones's state law claims against Quarterman, McGilbra, Hunter and Brisher do not allege any use of property on their part which proximately caused him injury. However, these claims may be characterized as the negligent implementation on their part of TDCJ policies regarding grievance procedures and the treatment of inmates. "[A] plaintiff has to state a waiver of immunity under some provision of section 101.021 of the Civil Practice and Remedies Code before she can invoke a claim of negligent implementation of policy." *Rivera*, 146 S.W.3d at 338; *see Petta*, 44 S.W.3d at 580-81; *Ordonez*, 224 S.W.3d at 245. Because Jones has failed to plead facts which would constitute a waiver of immunity under section 101.021(2), he has failed to plead facts constituting a waiver of the immunity from suit of Quarterman, McGilbra, Hunter and Brisher.

Because Jones has failed to plead facts waiving any of the individual defendants' immunity from suit, he has failed to plead facts waiving TDCJ's immunity from suit. *See DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995); *Moncada v. Brown*, 202

S.W.3d 794, 803 (Tex. App.—San Antonio 2006, no pet.); *Johnson v. Campbell*, 142 S.W.3d 592, 596 (Tex. App.—Texarkana 2004, pet. denied).

The trial court properly granted the plea to the jurisdiction. We overrule Jones's second issue and do not reach his fifth issue. *See* TEX. R. APP. P. 47.1 (court's opinion must address "every issued raised and necessary to final disposition of the appeal").

We do not have jurisdiction to review the trial court's interlocutory order granting the motion to dismiss under section 101.106(e). We affirm the order granting the plea to the jurisdiction.

 

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed in part, dismissed in part
Opinion delivered and filed April 14, 2010
[CV06]