IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00060-CV

 

Christopher Jones,

                                                                                                 Appellant

 v.

 

Texas Department of Criminal 

Justice—institutional division, et al.,

                                                                                                 Appellees

 

 

 



From the 12th District
Court

Madison County, Texas

Trial Court No. 08-11662-012

 



Opinion



 








            Christopher
Jones brings this interlocutory appeal from the granting of a motion to dismiss
filed by the Texas Department of Criminal Justice and a plea to the
jurisdiction filed by TDCJ and four TDCJ employees.  He contends in five issues
that: (1) the court abused its discretion by granting TDCJ’s motion to dismiss
his suit against the individual appellees under section 101.106 of the Tort
Claims Act even though he also filed claims under title 42, section 1983 of the
U.S. Code; (2) the court abused its discretion by granting the plea to the
jurisdiction without first reviewing his petition and the proceedings to
determine in which capacity the individual appellees were sued; (3) the court
erred by dismissing his suit before ruling on his pending motions for discovery
and for summary judgment; (4) the court erred by dismissing his suit “without
understanding or paying attention to the actual facts and legal theories”
alleged; and (5) he has been prejudiced by the district clerk’s failure to provide
complete records to himself and to this Court.  We will affirm in part and
dismiss in part.

Background

            Jones’s
“Second Amended Complaint Original Petition” names seven defendants: the Texas
Department of Criminal Justice—Institutional Division, TDCJ Director Nathaniel
Quarterman, Correctional Officer Captain Smith, Security Staff Sergeant
Emertson, Grievance Coordinator C. McGilbra, Assistant Warden Gary Hunter, and
Assistant Administrator Veronica Brisher.[1]

            Jones’s
legal claims arise from five factually distinct incidents.  In essence, Jones
complains about several instances of misconduct by two prison employees and
further complains about the failure of supervisors to discipline these
employees and the handling of grievances he filed regarding these claims of misconduct.

            Jones
alleges in his second amended complaint that:


 Smith “maliciously sadisticly [sic]
 and wantonly” handcuffed Jones without provocation or just cause after
 strip searching him and then, with Emertson, “marched [him] from one end
 of the Ferguson Unit Prison Facility to the other completely naked,
 needlessly, in front of numerous inmates and male and female prison
 staff”;


 


 Smith and Emertson “acted wantonly,
 maliciously and sadisticly [sic] began punching [Jones] in the back of his
 head and began ramming his face and forehead into the wall while he was
 handcuffed,” causing him to suffer physical injuries and to be “terrified,
 outraged, humiliated, and fear[ful] for his life”;


 


 he was “maliciously sadisticly
 [sic] placed in a solitary cell handcuffed without any of the basic human
 necessities for 12 hours” by Smith and Emertson;


 


 Smith and Emertson “sadisticly
 [sic], wantonly” failed to follow TDCJ policy regarding securing,
 collecting and storing inmate property and committed theft by failing to
 return his property to him; and


 


 the remaining defendants failed to
 properly handle the grievances he filed with regard to these incidents.


 

              Before
Jones filed his second amended complaint, TDCJ filed a motion to dismiss his
claims against Quarterman, McGilbra, Hunter and Brisher under section
101.106(e) of the Texas Tort Claims Act.  Several months after he filed the
second amended complaint, TDCJ, Quarterman, McGilbra, Hunter and Brisher filed
a plea to the jurisdiction.[2]

            After
a hearing, the court granted the plea to the jurisdiction and the motion to
dismiss in separate written orders.  After reviewing a post-trial motion filed
by Jones and the defendants’ response to that motion, the court granted a new
trial only with respect to Jones’s claims under section 1983 against
Quarterman, McGilbra, Hunter and Brisher in their individual capacities.

Dismissal of State Law Claims

            Jones
contends in his first issue that the court abused its discretion by granting TDCJ’s
motion to dismiss his suit against the individual appellees under section
101.106(e) even though he also filed claims under section 1983.  He contends in
his third and fourth issues respectively that the court erred by dismissing his
suit: (a) before ruling on his pending motions for discovery and for summary
judgment and (b) “without understanding or paying attention to the actual facts
and legal theories” alleged.

            Appellees’
motion to dismiss relies solely on section 101.106(e) as a basis for
dismissal.  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(e) (Vernon 2005).  We first must
determine whether this Court has jurisdiction to address an interlocutory
appeal from the granting of a motion to dismiss under section 101.106(e).  See
Houston Mun. Employees Pension Sys. v. Ferrell, 248 S.W.3d 151, 158
(Tex. 2007) (“Courts always have jurisdiction to determine their own
jurisdiction.”).

            Section
51.014 of the Civil Practice and Remedies Code establishes our jurisdiction for
most interlocutory appeals.  Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (Vernon 2008).  Subsections (5) and
(8) of this statute expressly permit the appeal of an interlocutory order
which:

denies a motion
for summary judgment that is based on an assertion of immunity by an individual
who is an officer or employee of the state or a political subdivision of the
state; or

 

grants or denies
a plea to the jurisdiction by a governmental unit as that term is defined in
Section 101.001.

 

Id. § 51.014(a)(5), (8).

            Several
courts have concluded that they have jurisdiction under subsection (5) to
review the denial of a motion to dismiss under section 101.106.  See
City of Arlington v. Randall, 301 S.W.3d 896, 902 n.2 (Tex. App.—Fort
Worth 2009, pet. filed); Escalante v. Rowan, 251 S.W.3d 720, 727 (Tex.
App.—Houston [14th Dist.] 2008, pet. filed); Lanphier v. Avis, 244
S.W.3d 596, 598-99 (Tex. App.—Texarkana 2008, pet. dism’d w.o.j.); Walkup v.
Borchardt, No. 07-06-00040-CV, 2006 WL 3455254, at *1 n.1 (Tex. App.—Amarillo Nov. 30, 2006, no
pet.); contra Hudak v. Campbell, 232 S.W.3d 930, 931 (Tex. App.—Dallas
2007, no pet.).

            Here,
however, because the trial court granted TDCJ’s dismissal motion and subsection
(5) permits an appeal only from the denial of a pleading raising immunity, jurisdiction
would have to lie under subsection (8) which permits an appeal from an
interlocutory order which “grants or denies a plea to the jurisdiction by a governmental unit.”  Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8).

The reference to “plea to the
jurisdiction” is not to a particular procedural vehicle but to the substance of
the issue raised.  Thus, an interlocutory appeal may be taken from a refusal to
dismiss for want of jurisdiction whether the jurisdictional argument is
presented by plea to the jurisdiction or some other vehicle, such as a motion
for summary judgment.  By the same token, an interlocutory appeal cannot be
taken from the denial of a plea to the jurisdiction that does not raise an
issue that can be jurisdictional.

 

Tex. Dep’t of
Criminal Justice v. Simons,
140 S.W.3d 338, 349 (Tex. 2004) (citing Harris County v. Sykes, 136
S.W.3d 635, 638 (Tex. 2004)); accord Dallas County v. Autry, 251 S.W.3d 155,
159-60 (Tex. App.—Dallas 2008, pet. denied).  Thus, our
jurisdiction to review the granting of the motion to dismiss rests on whether
the motion raises jurisdictional grounds for dismissal.  See id.

            Section
101.106(e) provides, “If a suit is filed under this chapter against both a
governmental unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.”  Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). 
The Supreme Court has construed a prior version of this statute[3]
as conferring “an unequivocal grant of immunity.”  Newman v. Obersteller,
960 S.W.2d 621, 622 (Tex.
1997).  However, the Court
did not specify in Newman what type of immunity was granted by the
statute.

            In
subsequent cases, the Supreme Court has characterized the immunity conferred by
section 101.106 as immunity from liability.  Sykes, 136 S.W.3d at 640; Dallas
County MHMR v. Bossley, 968 S.W.2d 339, 344 (Tex. 1998);
accord Snelling v. Mims, 97 S.W.3d 646, 648 (Tex. App.—Waco 2002, no
pet.); see also Escalante, 251 S.W.3d at 727 (“immunity defense”[4]);
Klein v. Hernandez, 260 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2008,
pet. granted) (Taft, J., concurring).  Several intermediate courts of appeal
have characterized this statutory immunity as immunity from suit.  See Saade
v. Villarreal, 280 S.W.3d 511, 521 (Tex. App.—Houston [14th Dist.] 2009,
pet. filed); Bailey v. Sanders, 261 S.W.3d 153, 157 (Tex. App.—San Antonio 2008, no pet.); Tex. Dep’t of Agric. v.
Calderon, 221 S.W.3d 918, 922
(Tex. App.—Corpus Christi 2007, no pet.); Meroney v. City of Colleyville,
200 S.W.3d 707, 715 (Tex. App.—Fort Worth 2006, pet. granted, judgm’t vacated
w.r.m.); City of San Angelo Fire Dep’t v. Hudson, 179 S.W.3d 695, 703
n.7 (Tex. App.—Austin 2005, no pet.).

            We
will follow the plain language of the Supreme Court’s decisions in Sykes
and Bossley and in our own decision in Snelling and treat the
statutory immunity conferred by section 101.106 as immunity from liability.

            “[I]mmunity
from liability is an affirmative defense that cannot be raised by a plea to the
jurisdiction.”  State v. Lueck, 290 S.W.3d 876, 880 (Tex. 2009).  Therefore,
the immunity conferred by section 101.106 is not jurisdictional.  An order
granting a motion to dismiss under section 101.106(e) cannot be appealed under
section 51.014(a)(8) of the
Civil Practice and Remedies Code.  See Simons, 140 S.W.3d at 349;
Autry, 251 S.W.3d at 159-60.

            Accordingly,
we dismiss Jones’s first, third and fourth issues for want of jurisdiction.  See
Matis v. Golden, 228 S.W.3d 301, 305 (Tex. App.—Waco 2007, no pet.).

Plea to the Jurisdiction

            Jones
contends in his second issue that the court abused its discretion by granting
the plea to the jurisdiction without first reviewing his petition and the
proceedings to determine in which capacity the individual appellees were sued. 
In particular, he claims that the court erred by failing to consider “the
totality of the complaint.”  He argues that his “complaint alleged fact[s] that
affirmatively demonstrated the district court’s jurisdiction.”

 

 

Section 1983

            We
begin with Jones’s federal claims under section 1983, which establishes
liability for:

Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State or Territory or
the District of Columbia, subjects, or causes to be subjected, any citizen of
the United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws.

 

42 U.S.C.S. § 1983
(LexisNexis 2002).  “[N]either a State nor its officials acting in their
official capacities are ‘persons’ under § 1983.”  Will v. Mich. Dep’t of
State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45
(1989).

            Thus,
the court properly granted the plea to the jurisdiction on Jones’s federal
claims against TDCJ and against Quarterman, McGilbra, Hunter and Brisher in
their official capacities.[5] 
McLane Co. v. Strayhorn, 148 S.W.3d 644, 652 (Tex. App.—Austin 2004,
pet. denied); Terrell ex rel. Estate of Terrell v. Sisk, 111 S.W.3d 274,
282 (Tex. App.—Texarkana 2003, no pet.).

State Law Claims

            When
a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff
has alleged facts that affirmatively demonstrate the trial court’s jurisdiction
to hear the cause.  We construe the pleadings liberally in favor of the
plaintiff and look to his intent.  City of El Paso v. Heinrich, 284
S.W.3d 366, 378 (Tex. 2009).

            Jones
claims that Smith and Emertson: (1) “negligently used handcuffs on [him]” “by
using physical force sadisticly [sic] maliciously and wantonly which amounted
to assault, battery, and cruel unusual treatment”; and (2) committed civil
theft under Chapter 134 of the Civil Practice and Remedies Code by taking his
property without due process and “may have acted under eminent domain.”

            Jones
alleges that Quarterman, Hunter and Brisher violated his right to due process
by failing to discipline Smith and Emertson.  He alleges that these three
defendants and McGilbra violated his right to due process by failing to provide
him a meaningful grievance procedure, and by failing to enforce TDCJ policies
regarding treatment of inmates.

            Jones
alleges that TDCJ is liable for negligently: (1) permitting Smith and Emertson
to handcuff him and march him through the prison unit naked; (2) permitting
Smith and Emertson to lock him in solitary confinement while still handcuffed
without providing for his basic necessities; and (3) permitting the other
defendants to engage in the conduct alleged in the previous paragraph.

            Under
section 101.021(2)[6]
of the Texas Tort Claims Act, Jones can establish a waiver of immunity from
suit and liability only by establishing that he sustained personal injury
proximately caused by “a condition or use of tangible personal or real property
if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.”  Tex.
Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005).  Jones’s
claims do not allege any injury caused by a condition of property.  Thus, we
focus on whether he has alleged that his injuries were proximately caused by a
defendant’s use of tangible personal property.

            Jones’s
state law claims all flow from his complaints regarding his alleged treatment
by Smith and Emertson.  To the extent Jones alleges that they “negligently used
handcuffs on [him]” “by using physical force sadisticly maliciously and
wantonly which amounted to assault, battery, and cruel unusual treatment,” he
has alleged an intentional tort.  See Tex. Dep’t of Pub. Safety v. Petta,
44 S.W.3d 575, 580 (Tex. 2001);   Cameron County v. Ortega, 291 S.W.3d
495, 498-99 (Tex. App.—Corpus Christi 2009, no pet.); City of Garland v.
Rivera, 146 S.W.3d 334, 337-38
(Tex. App.—Dallas 2004, no
pet.); City of San Antonio v. Dunn, 796 S.W.2d 258, 261 (Tex. App.—San
Antonio 1990, writ denied).  The Texas Tort Claims Act does not waive immunity
from suit for intentional torts.  See
Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005); Petta,
44 S.W.3d at 580; Ortega, 291 S.W.3d at 497-98; Rivera, 146
S.W.3d at 338; Dunn, 796 S.W.2d at 261.

            To
the extent Jones alleges that the handcuffs were used to restrain him in
solitary confinement without basic necessities, the use of handcuffs was not a
proximate cause of any injuries allegedly sustained in solitary confinement.[7] 
See Hardin County Sheriff’s Dep’t v. Smith, 290 S.W.3d 550, 553-54
(Tex. App.—Beaumont 2009, no pet.); Ordonez v. El Paso County, 224
S.W.3d 240, 244 (Tex. App.—El Paso 2005, no pet.); see also Bossley, 968 S.W.2d at 343 (“Property does not
cause injury if it does no more than furnish the condition that makes the injury
possible.”).

            Jones’s
theft claim plainly does not allege a personal injury.  Assuming without
deciding that it constitutes an allegation of property damage, such facts do
not allege a claim for which immunity has been waived under section 101.021(2),
which provides a waiver of immunity only for “personal injury and death.”  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2).

            Jones’s
state law claims against Quarterman, McGilbra, Hunter and Brisher do not allege
any use of property on their part which proximately caused him injury. 
However, these claims may be characterized as the negligent implementation on
their part of TDCJ policies regarding grievance procedures and the treatment of
inmates.  “[A] plaintiff
has to state a waiver of immunity under some provision of section 101.021 of
the Civil Practice and Remedies Code before she can invoke a claim of negligent
implementation of policy.”  Rivera, 146 S.W.3d at 338; see Petta,
44 S.W.3d at 580-81; Ordonez, 224 S.W.3d at 245.  Because Jones has
failed to plead facts which would constitute a waiver of immunity under section
101.021(2), he has failed to plead facts constituting a waiver of the immunity
from suit of Quarterman, McGilbra, Hunter and Brisher.

            Because
Jones has failed to plead facts waiving any of the individual defendants’
immunity from suit, he has failed to plead facts waiving TDCJ’s immunity from
suit.  See DeWitt v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995); Moncada
v. Brown, 202 S.W.3d 794, 803 (Tex. App.—San Antonio 2006, no pet.); Johnson
v. Campbell, 142 S.W.3d 592, 596 (Tex. App.—Texarkana 2004, pet. denied).

            The
trial court properly granted the plea to the jurisdiction.  We overrule Jones’s
second issue and do not reach his fifth issue.  See Tex. R. App. P. 47.1 (court’s opinion
must address “every issued raised and necessary to final disposition of the
appeal”).

We
do not have jurisdiction to review the trial court’s interlocutory order
granting the motion to dismiss under section 101.106(e).  We affirm the order
granting the plea to the jurisdiction.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed in
part, dismissed in part

Opinion
delivered and filed April 14, 2010

[CV06]

 

 

 









[1]
              Jones alleged only
the defendants’ last names with the exception of Quarterman.  Where other first
names or initials are indicated, those were obtained from the defendants’
pleadings.





[2]
              Based on statements
Jones made at the hearing on the motion to dismiss and plea to the
jurisdiction, it appears that Smith and Emertson have not been served and are
no longer TDCJ employees.





[3]
              The previous version
of the statute provided, “A judgment in an action or a settlement of a claim
under this chapter bars any action involving the same subject matter by the
claimant against the employee of the governmental unit whose act or omission
gave rise to the claim.”  Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1,
sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at
Tex. Civ. Prac. & Rem. Code Ann.
§ 101.106 (Vernon 2005)).

 





[4]
              “[I]mmunity from
liability is an affirmative defense.”  State v. Lueck, 290 S.W.3d 876,
880 (Tex. 2009).





[5]
              Regarding Jones’s
complaint that the trial court failed to determine in which capacity the
individual appellees were sued before granting the plea to the jurisdiction,
that complaint has been rendered moot by the court’s ruling in its order
partially granting Jones’s motion for new trial as to his section 1983 claims
against Quarterman, McGilbra, Hunter and Brisher in their individual
capacities.





[6]
              Jones cannot
establish a waiver of immunity under subsection (1) of the statute because he
does not claim that his alleged injuries “arise[ ] from the operation or use of
a motor-driven vehicle or motor-driven equipment.”  Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (Vernon 2005).





[7]
              From our reading of
Jones’s second amended complaint, he does not allege that the prison cell
itself proximately caused his alleged injuries.  Nevertheless, the same result
would obtain even if he had.
See Dallas County MHMR v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998); Hardin
County Sheriff’s Dep’t v. Smith,
290 S.W.3d 550, 553-54 (Tex. App.—Beaumont 2009, no pet.); Ordonez v. El
Paso County, 224 S.W.3d 240, 244 (Tex. App.—El Paso 2005, no pet.).