**Opinion filed March 31, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00083-CV

_____

## BRENDA MACKEY AS REPRESENTATIVE OF THE ESTATE OF VIOLET CHILDS, DECEASED, Appellant
## V.
## MIDLAND-ODESSA TRANSIT D/B/A EZ RIDER, Appellee

### On Appeal from the 441st District Court
### Midland County, Texas
### Trial Court Cause No. CV48144

### M E M O R A N D U M   O P I N I O N

Midland-Odessa Transit (EZ Rider) is a governmental entity that provides public bus transportation. Brenda Mackey as representative of the Estate of Violet Childs, deceased, filed a survival action against EZ Rider. This case stems from an accident that occurred when Childs, Mackey's sister, was a passenger on an EZ Rider bus. EZ Rider filed a plea to the jurisdiction, contending that it was immune from suit and that Appellant had not shown that there was a waiver of governmental immunity under the Texas Tort Claims Act. EZ Rider's motion also included a No-Evidence Motion for Summary Judgment in the alternative. The

trial court granted EZ Rider's plea to the jurisdiction and dismissed the case. We affirm.

## Standard of Review

The Texas Supreme Court thoroughly explained sovereign immunity and the distinction between immunity from suit and immunity from liability in *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004), and *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692 (Tex. 2003). A plea to the jurisdiction asserts that the governmental entity is immune from suit because the court lacks subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 224; *Taylor*, 106 S.W.3d at 695–96; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a court has subject-matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. Therefore, the standard of review of an order granting a plea to the jurisdiction based on governmental immunity is de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers relevant evidence submitted by the parties to resolve the jurisdictional issues raised. An appellate court does the same. A plea to the jurisdiction should be granted as a matter of law if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issues. *Miranda*, 133 S.W.3d at 228.

EZ Rider claimed in its plea to the jurisdiction, and in its alternative motion for a no-evidence summary judgment, that Appellant failed to present evidence that demonstrated that Appellant was entitled to a waiver of sovereign immunity under the Texas Tort Claims Act.

## The Texas Tort Claims Act

Sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits against governmental units unless the State consents to that suit.

*Miranda*, 133 S.W.3d at 224.  Texas has provided that consent, although narrowly, in Section 101.021 of the Texas Civil Practice & Remedies Code.  Section 101.021 waives sovereign immunity, and the governmental unit may be liable, in a suit for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011).

Appellant alleged that the injuries to Childs were caused by the negligent operation of a motor-driven bus and by misuse of tangible personal property because the driver improperly restrained Childs while she was on the bus.

*Background Facts*

Childs was a heavyset, diabetic woman.  As a double amputee who had lost both legs, she used a three-wheel motorized scooter to move around.  Kimberly Thompson, the driver of the EZ Rider bus, had transported Childs a dozen times before the time the accident occurred.  Thompson's deposition was the only evidence presented about the incident.

Thompson testified that she was in the left turn lane behind two vehicles waiting at the light before turning left on Front Street from the Andrews Highway:

> The light turned green for us to turn and I turned -- the two vehicles went before me and then I took a left.  And whenever I turned, that's when [Childs] called my name, Kim, and she was holding on to the pole of the bus because she had tilted over when I turned left.

3

Q. Did you see her fall over?

A. She didn't fall. She tilted over because she grabbed the pole.

Thompson said three times that Childs had not fallen. Thompson pulled the bus over and helped reposition Childs on her scooter. Thompson called the dispatcher who asked if Childs wanted an ambulance, but Childs replied that she did not need an ambulance. Thompson then drove Childs to her destination. A day or two later, Thompson picked up Childs to go to another doctor, and she described Childs as appearing normal. Childs subsequently died, and Appellant claims that the alleged injuries on that earlier day led to her death.

Thompson described how she would put "Q strings" down and fasten them to the scooter to keep it from moving; the Q strings had a ratcheting mechanism that automatically tightened to hold the scooter in place. Childs did not wear the seatbelt attached to the scooter because it was too tight for her. Instead, Thompson put a seatbelt around Childs that was attached to two Q strings in the back. Childs tightened the seatbelt; Thompson did not adjust it for her. Childs always refused the shoulder strap, and Thompson did not put the shoulder strap on her. When Thompson saw Childs holding on to the pole, her thought was that Childs had not tightened her seatbelt enough.

*A. There is no evidence to support a waiver of sovereign immunity under Section 101.021(1).*

Appellant alleged in her petition that the bus operator made "a sudden and negligent turn." However, Appellant presented no evidence in support of that allegation. The record contains no evidence that Thompson did anything wrong in making the left turn after the light turned green. There is no evidence that Childs's personal injury or subsequent death was proximately caused by "the wrongful act or omission or the negligence" of Thompson in operating the bus. The evidence is

undisputed that Childs declined to use the shoulder strap and was solely responsible for fastening and adjusting the lap belt to her comfort level. Appellant presented no evidence indicating that Childs's alleged injuries arose from any negligent operation or use of the motor-driven bus.[1]

For a waiver of sovereign immunity under Section 101.021(1), Appellant was required to provide evidence that (1) there was a wrongful act or omission or negligence of an employee acting within the scope of his or her employment, (2) the personal injury or death arose from the operation or use of a motor-driven vehicle, and (3) the employee would be personally liable to the claimant under Texas law. *Miranda* recognized that, at times, the requirement for a plaintiff showing jurisdictional facts also implicates the merits of the case. In this case, as in *Miranda*, the challenge to the existence of any evidence to show jurisdiction also implicated both the subject matter of the court and the merits of the case. *See Miranda*, 133 S.W.3d at 226. When a plea to the jurisdiction challenges the existence of jurisdictional facts, an appellate court must consider the relevant evidence to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 226–27. We have reviewed the evidence, and it is insufficient to invoke a waiver of sovereign immunity under Section 101.021(1).

*B. There is no evidence to support a waiver of sovereign immunity under Section 101.021(2).*

To demonstrate a waiver of immunity under Section 101.021(2), Appellant had to produce evidence that (1) there was some use or misuse of tangible property and (2) Childs's injuries were proximately caused by the use or misuse of that property. *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968

---

[1]Appellant's argument appears to be based on res ipsa loquitor: Childs tilted over on a bus driven by a government employee and Childs was injured; therefore, the trier of fact may infer a breach of duty (negligent driving) and causation. Res ipsa loquitor is a rule of evidence whereby negligence may be inferred upon proof of the "type of accident" and "control" factors. *See Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990); *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 252 (Tex. 1974). Appellant did not plead res ipsa loquitor, nor is this a case for that doctrine.

5

S.W.2d 339, 343 (Tex. 1998); *see also Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001) (distinguishing "use" from "non-use"). Appellant alleged that EZ Rider misused tangible personal property because Thompson failed to secure Childs, who was disabled. But Appellant failed to produce evidence that Thompson used or misused any tangible property.

Appellant offered the depositions of Thompson and EZ Rider's representative, Alonda Massey. Massey discussed EZ Rider's training manual for drivers, which described how an employee should secure a motorized scooter to the floor of the bus and how such restraints as shoulder straps and lap belts should be used. Thompson acknowledged that she had seen a video during her training that demonstrated how to place the Q strings to secure the scooter. Appellant does not contend that Childs's scooter was not properly fastened to the floor with the Q strings.

Appellant argues that Childs was improperly restrained. Thompson said that she had transported Childs twelve or thirteen times and that Childs did not wear the seatbelt on the scooter because of the size of her waist; instead, Thompson would put a lap belt around her that was hooked onto two Q strings in the back. Childs adjusted the lap belt. Thompson testified that she did not adjust the lap belt. Thompson also testified that Childs never wanted to use the shoulder strap, and Thompson did not put the shoulder strap on her that day. Thompson said that she always asked Childs if she wanted to use the shoulder strap because she was required to ask the question each time. But Childs would always refuse to use the shoulder strap.

The evidence demonstrated that the bus driver was properly trained and followed the procedures to secure a passenger using a scooter. It is undisputed that Thompson provided a lap belt and that Childs was the one who adjusted the lap belt. Appellant was required to show that the use of tangible property was by a

government employee, not that the employee simply furnished the property. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004); *Hardin Cnty. Sheriff's Dep't v. Smith*, 290 S.W.3d 550, 553 (Tex. App.—Beaumont 2009, no pet.).

Appellant has pointed out that Thompson acknowledged that she transported Childs without requiring Childs to wear the shoulder strap. Failure to use, or the non-use of property, does not waive immunity under Section 101.021(2). *Miller*, 51 S.W.3d at 587–88; *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869–70 (Tex. 2001); *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996).

Appellant's issue that the trial court erred in granting the plea to the jurisdiction is overruled.

## This Court's Ruling

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


March 31, 2015

Panel consists of: Wright, C.J.,
Bailey, J., and McCall.[2]

Willson, J., not participating.

---

[2]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.