ACCEPTED
01-15-00599-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/9/2015 10:07:13 AM
CHRISTOPHER PRINE
CLERK

## CAUSE NO. 01-15-00599-CV

**IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/9/2015 10:07:13 AM
CHRISTOPHER A. PRINE
~~Clerk~~

## BILLY JOE HENDERSON,

### Appellant,

### v.

## IOWA COLONY, IOWA COLONY POLICE DEPARTMENT, AND LOUIS C. HEARN, JR.

### Appellees

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court No. 80216-CV

## APPELLEES' RESPONSE BRIEF

Steven D. Selbe
State Bar No. 18004600
Andrew J. Pratka
State Bar No. 24079159
GORDON & REES, LLP
1900 W. Loop S., Ste. 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
sselbe@gordonrees.com
apratka@gordonrees.com

**Counsel for Appellees**

**The City of Iowa Colony**
**and Louis C. Hearn, Jr.**

<u>**ORAL ARGUMENT REQUESTED**</u>

# PARTIES AND COUNSEL

The parties to the trial court's judgment and the names and addresses of all trial and appellate counsel are listed below. TEX. R. APP. P. 38.1(a).

**Pro Se Plaintiff/Appellant Billy Joe Henderson**

2003 W. Adoue #3
Alvin, Texas 77511
Telephone: (832) 305-2012
Billyh713@hotmail.com

**Defendants/Appellees The City of Iowa Colony and Louis C. Hearn, Jr.**

Steven D. Selbe
State Bar No. 18004600
Andrew J. Pratka
State Bar No. 24079159
GORDON & REES, LLP
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
sselbe@gordonrees.com
apratka@gordonrees.com

# TABLE OF CONTENTS

STATEMENT OF THE CASE..................................................................................1

STATEMENT OF FACTS ....................................................................................2

SUMMARY OF ARGUMENT ..............................................................................3

ARGUMENTS AND AUTHORITIES ...................................................................4

I.      STANDARDS OF REVIEW.........................................................................4

II.     STANDARD FOR PLEA TO THE JURISDICTION ...................................4

       A.     Governmental Immunity ....................................................................5

III.    ISSUE NO. 1: Iowa Colony is immune from Appellant's claims because Appellant's state law causes of action for false arrest and malicious prosecution do not fall within the limited waiver of immunity provision contained in § 101.021 of the Texas Civil Practices & Remedies Code for immunity to be waived................................6

       A.     Plaintiff's State Law Claims Do Not Fall Within The Limited Waiver of Immunity .........................................................................6

       B.     Waiver by Deceit or Misconduct Argument Not Presented to the Trial Court and Raised for the First Time on Appeal ...................8

IV.    ISSUE NO. 2: Iowa Colony is also immune from Appellant's claims because Appellant's intentional tort claims for false arrest and malicious prosecution are specifically exempted from the waiver of immunity pursuant to § 101.057 of the Texas Civil Practices & Remedies Code. ........................................................................................9

       A.     Immunity Not Waived for Intentional Torts ........................................9

V.     ISSUE NO. 3: Appellant's decision to file suit against Iowa Colony forever barred Appellant from recovering individually against Hearn and the trial court's dismissal of Appellant's claims against Hearn was mandatory and proper pursuant to § 101.106 of the Texas Civil Practices & Remedies Code. ...................................................................11

CONCLUSION ..................................................................................................13

PRAYER ................................................................................................14

CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. P. 9.4(I)(3) .............14

CERTIFICATE OF SERVICE .................................................................15

# TABLE OF AUTHORITIES

CASES

*Bland Indep. Sch. Dist. v. Blue*,
  34 S.W.3d 547 (Tex. 2000) ....................................................................... 5

*Callis v. Sellars*,
  953 F. Supp. 793 (S.D. Tex. 1996)........................................................... 10

*Central Education Agency v. Burke*,
  711 S.W.2d 7 (Tex. 1986) ......................................................................... 9

*City of Denton v. Page*,
  701 S.W.2d 831 (Tex. 1986) ..................................................................... 7

*City of Hempstead v. Kmiec*,
  902 S.W.2d 118 (Tex. App.—Houston [1st
  Dist.] 1995, no writ.) ........................................................................... 8, 10

*City of Houston v. Clear Creek Basin Auth.*,
  589 S.W.2d 671 (Tex. 1979) ..................................................................... 9

*City of San Antonio v. Dunn*,
  796 S.W.2d 258 (Tex. App.—San Antonio 1990,
  writ denied)........................................................................................ 10, 11

*Cont'l Coffee Prod. Co. v. Cazarez*,
  937 S.W.2d 444 (Tex. 1996) ..................................................................... 4

*Cronen v. Ray*,
  2006 Tex. App. LEXIS 7952 (Tex. App.—
  Houston [14th Dist.] 2006, pet. denied) ................................................. 11

*Dallas County Mental Health & Mental
  Retardation v. Bossley*,
  968 S.W.2d 339 (Tex. 1998),
  *cert. denied*, 142 L. Ed. 2d 450, 119 S. Ct. 541
  (1998)....................................................................................................... 13

*Delaney v. University of Houston*,
  835 S.W.2d 56 (Tex. 1992) ....................................................................... 9

*Dupre v. Harris County Hosp. Dist.*,
8 F. Supp. 2d 908 (S.D. Tex. 1998)........................................................ 10

*Hardin County Sheriff's Dept. v. Smith*,
290 S.W.3d 550 (Tex. App.—Beaumont 2009,
no pet.) ........................................................................................................ 8

*Hintz v. Lally*,
305 S.W.3d 761 (Tex. App.—Houston [14th
Dist.] 2009, pet. denied) ......................................................................... 12

*Holland v. City of Houston*,
41 F. Supp. 2d 678 (S.D. Tex. 1999)...................................................... 12

*In re SCCI Hosp. Ventures, Inc.*,
2004 Tex. App. LEXIS 8612 (Tex. App.—
Amarillo 2004, no pet.) ............................................................................. 3

*Lamar Univ. v. Doe*,
971 S.W.2d 191 (Tex. App.—Beaumont 1998,
no pet.) ........................................................................................................ 5

*Lowe v. Tex. Tech Univ.*,
540 S.W.2d 297 (Tex. 1976) ..................................................................... 5

*McCord v. Memorial Med. Ctr. Hosp.*,
750 S.W.2d 362 (Tex. App.—Corpus Christi
1988, no writ) .......................................................................................... 10

*Montgomery County v. Fuqua*,
22 S.W.3d 662 (Tex. App.—Beaumont 2000, no
pet.)............................................................................................................. 5

*Nall v. Plunkett*,
404 S.W.3d 552 (Tex. 2013) ..................................................................... 3

*Newman v. Obersteller*,
960 S.W.2d 621 (Tex. 1997) ................................................................... 13

*Pineda v. City of Houston*,
175 S.W.3d 276 (Tex. App.—Houston [1st Dist.]
2004, no pet.) .......................................................................................... 10

*Riggs v. City of Pearland*,
177 F.R.D. 395 (S.D. Tex. 1997) ........................................ 10

*Salmeron v. T-Mobile West Corp.*,
2009 Tex. App. LEXIS 1105 (Tex. App.—
Houston [14th Dist.] 2009, no pet.) ........................................ 8

*San Jacinto River Auth. v. Duke*,
783 S.W.2d 209 (Tex. 1990) ........................................ 3, 9

*Taylor v. Gregg*,
36 F.3d 453 (5th Cir. 1994) ........................................ 10

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993) ........................................ 4

*Tex. Dep't of Transp. v. Jones,|*
8 S.W.3d 636 (Tex. 1999) ........................................ 6, 7

*Tex. Dept. of Parks and Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ........................................ 4, 5, 6, 7

*Tex. Highway Dep't v. Jarrell*,
418 S.W.2d 486 (Tex. 1967) ........................................ 5

*Thomas v. Oldham*,
895 S.W.2d 352 (Tex. 1995) ........................................ 13

*White v. Annis*,
864 S.W.2d 127 (Tex. App.—Dallas 1993, writ
denied) ........................................ 13

*Williams v. Nealon*,
394 S.W.3d 9 (Tex. App.—Houston [1st Dist.]
June 7, 2012, pet. denied) ........................................ 12

STATUTES

TEX. CIV. PRAC. & REM. CODE § 101.001 *et. seq.* ........................................ 7

TEX. CIV. PRAC. & REM. CODE § 101.021 ........................................ 3, 6, 7, 8, 13

TEX. CIV. PRAC. & REM. CODE § 101.057 ........................................ 3, 9, 10, 13

TEX. CIV. PRAC. & REM. CODE § 101.106.............................................................. 3, 11

TEX. CIV. PRAC. & REM. CODE § 101.106(a)............................................................. 12

TEX. CIV. PRAC. & REM. CODE § 101.106(e).................................... x, 1, 2, 12, 13

RULES

TEX. R. APP. P. 33.1 ........................................................................................... 8

TEX. R. APP. P. 38.1(a)....................................................................................... iii

TEX. R. APP. P. 39.7 ........................................................................................... x

TEX. R. APP. P. 53.2(i)...................................................................................... 3, 4

TEX. R. APP. P. 53.4 ........................................................................................... 4

TEX. R. APP. P. 9.4(I)(2)(B)............................................................................. 14

TEX. R. APP. P. 9.4(I)(3) .................................................................................. 14

## STATEMENT REGARDING ORAL ARGUMENT

Appellees request oral argument of this appeal. TEX. R. APP. P. 39.7. Oral argument may be helpful to the Court in deciding whether any waiver of government immunity exists in this matter. Oral argument will also be helpful to the Court in deciding whether the election of remedies provision contained in Section 101.106(e) of the Texas Civil Practices & Remedies Code applies.

**TO THE HONORABLE COURT OF APPEALS:**

Appellees Iowa Colony[1] ("Iowa Colony") and Louis C. Hearn, Jr. ("Hearn") (Collectively the "Appellees") request that this Court uphold the trial court's Order Granting Motion to Dismiss of Louis C. Hearn, Jr. and Order Granting Defendant The City of Iowa Colony's Plea to the Jurisdiction.

## STATEMENT OF THE CASE

This is a damages case arising out of injuries Plaintiff/Appellant Billy Joe Henderson ("Henderson") allegedly sustained after being arrested and charged by Hearn on January 28, 2015 for criminal mischief after allegedly tampering with electrical services provided by Centerpoint Energy. [CR 5-7]. Plaintiff later filed suit against Hearn, Iowa Colony, and the Iowa Colony Police Department alleging state law causes of action for false arrest and malicious criminal prosecution. [CR 5-7].

On February 19, 2015, Hearn filed his Motion to Dismiss pursuant to the election of remedies provision contained in Section 101.106(e) of the Texas Civil Practices & Remedies Code, which provides, "if a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."

_____

[1] Iowa Colony Police Department ("Iowa Colony P.D.") has been named as a Defendant in Plaintiff's District Court pleadings, but is not an entity that is capable of being sued as it does not have a jural existence separate and apart from the Village of Iowa Colony. Thus, this Motion assumes the actual Defendant/Appellee is the Village of Iowa Colony, a Type A general law municipality incorporated according to the laws of the State of Texas.

TEX. CIV. PRAC. & REM. CODE § 101.106(e); [CR 10]. Plaintiff filed Plaintiff's Opposition to Defendants Answer and Motion to Dismiss on March 18, 2015. [CR 13-16]. After an oral hearing, the Court granted Hearn's Motion to Dismiss on March 23, 2015. [CR 17].

On April 30, 2015, Iowa Colony filed its Plea to the Jurisdiction asserting governmental immunity to Plaintiff's state law false arrest and malicious prosecution claims. [CR 18-28]. Plaintiff filed Plaintiff's Opposition to Defendants Plea of Jurisdiction/Motion to Dismiss on May 19, 2015. [CR 29-32]. After oral argument, the Court granted Iowa Colony's Plea to the Jurisdiction on May 27, 2015. [CR 43]. Plaintiff did not file a notice of appeal within thirty days after the Court's dismissal was signed and did not file a motion to extend time before filing his untimely Notice of Appeal on July 8, 2015. [CR 45].

## STATEMENT OF FACTS

On June 15, 2013, Plaintiff was charged with criminal mischief based on a criminal complaint filed by Centerpoint Energy alleging that Plaintiff stole $1,229.87 of electrical utility service. [CR 5-6]. A warrant was issued based upon Centerpoint energy's complaint and Officer Louis C. Hearn, Jr. arrested Plaintiff on June 20, 2013. [CR 5-6]. The charges against Plaintiff were later dismissed and Plaintiff subsequently filed suit against Iowa Colony, the Iowa Colony Police Department, and Hearn on January 28, 2015, alleging state law causes of action for

2

false arrest and malicious prosecution. [CR 5-7]. Plaintiff sought damages for the loss of his job, emotional distress, and loss of consortium. [CR 6].

## SUMMARY OF ARGUMENT

The trial court did not err in granting Iowa Colony's Plea to the Jurisdiction and Louis C. Hearn, Jr.'s Motion to Dismiss and this Court should uphold the trial court's orders dismissing Appellant's claims against Iowa Colony and Hearn on the following grounds:

1.  Iowa Colony is immune from Appellant's claims because Appellant's state law causes of action for false arrest and malicious prosecution do not fall within the limited waiver of immunity provisions contained in § 101.021 of the Texas Civil Practices & Remedies Code;

2.  Iowa Colony is also immune from Appellant's claims because Appellant's intentional tort claims for false arrest and malicious prosecution are specifically exempted from the waiver of immunity pursuant to § 101.057 of the Texas Civil Practices & Remedies Code; and

3.  Appellant's decision to file suit against Iowa Colony forever barred Appellant from recovering individually against Hearn and the trial court's dismissal of Appellant's claims against Hearn was mandatory and proper pursuant to § 101.106 of the Texas Civil Practices & Remedies Code.[2]

---

[2] Although Appellant stated in his Notice of Appeal [CR 45] that he was appealing the dismissal of Hearn, he does not appear to have visited that issue or presented an argument on this point in his Brief. Thus, Appellant's point should be waived and Appellee only addressees it out of an abundance of caution. TEX. R. APP. P. 53.2(i); *Nall v. Plunkett*, 404 S.W.3d 552, 556-57 (Tex. 2013) (plaintiff waived the issue of whether summary judgment was proper on the merits by failing to brief it in the court of appeals); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209-10 (Tex. 1990) ('it is a "well-established rule that grounds of error not asserted by points of error or argument in the court of appeals are waived"'); *In re SCCI Hosp. Ventures, Inc.*, 2004 Tex. App. LEXIS 8612, at *11-12 (Tex. App.—Amarillo 2004, no pet.) (contention waived on appeal

## I. STANDARDS OF REVIEW

Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling de novo. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When reviewing a plea to the jurisdiction in which the pleading requirements have been met and evidence has been submitted to support the plea that implicates the merits of the case, the appellate court must take as true all evidence favorable to the non-movant. *Id.*

## II. STANDARD FOR PLEA TO THE JURISDICTION

It is well established under Texas law that a plaintiff bears the burden of demonstrating that the Court has subject-matter jurisdiction over a claim asserted against a governmental entity. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Subject-matter jurisdiction is essential to the power of a tribunal to decide a case, and without subject-matter jurisdiction a court cannot render a valid judgment. *Id.* at 443. Subject-matter jurisdiction cannot be presumed and cannot be waived. *Cont'l Coffee Prod. Co. v. Cazarez*, 937 S.W.2d 444, 448-49 n.2 (Tex. 1996).

A plea to the jurisdiction is proper when a court lacks subject-matter jurisdiction to determine the subject to the controversy. *Tex. Highway Dep't v.*

---

because party presented no argument as required by TEX. R. APP. P. 53.2(i)); see also TEX. R. APP. P. 53.4.

*Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967). A plea to the jurisdiction raises defects in jurisdiction that cannot be cured; therefore, the goal of the plea to the jurisdiction is to have the court dismiss the cause of action. *Id.* at 489. The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

## A. Governmental Immunity

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226. A governmental unit may not be sued for the torts of its agents in the absence of a constitutional or statutory provision that waives its governmental immunity for alleged wrongful acts. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). As such, dismissal for want of jurisdiction is proper when a lawsuit is barred by governmental immunity. *Lamar Univ. v. Doe*, 971 S.W.2d 191, 196 (Tex. App.—Beaumont 1998, no pet.). If a plaintiff fails to allege facts within a petition which establish a waiver of immunity, dismissal for lack of subject-matter jurisdiction is appropriate. *Montgomery County v. Fuqua*, 22 S.W.3d 662, 665 (Tex. App.—Beaumont 2000, no pet.).

5

**III. ISSUE NO. 1: IOWA COLONY IS IMMUNE FROM APPELLANT'S CLAIMS BECAUSE APPELLANT'S STATE LAW CAUSES OF ACTION FOR FALSE ARREST AND MALICIOUS PROSECUTION DO NOT FALL WITHIN THE LIMITED WAIVER OF IMMUNITY PROVISION CONTAINED IN § 101.021 OF THE TEXAS CIVIL PRACTICES & REMEDIES CODE FOR IMMUNITY TO BE WAIVED.**

The Court did not err in granting Iowa Colony's Plea to the Jurisdiction because Plaintiff's state law claims for false arrest and malicious prosecution do not fall within the limited waiver of immunity provision contained in § 101.021 of the TEX. PRAC. & REM. CODE.

**A. Plaintiff's State Law Claims Do Not Fall Within The Limited Waiver of Immunity**

Plaintiff's state law causes of action for false arrest and malicious prosecution are causes of action for which Iowa Colony is immune as a governmental entity. That is, Plaintiff's claims do not fall within the limited wavier of immunity provision contained within § 101.021 of the TEX. PRAC. & REM. CODE for immunity to be waived. Therefore, Plaintiff's state law causes of action for false arrest and malicious prosecution are completely barred against Iowa Colony based upon sovereign immunity. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-226 (Tex. 2004); *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999) (Immunity from suit deprives a court of subject matter jurisdiction).

6

The Texas Tort Claims Act modifies the sovereign immunity of Texas governmental entities by waiving immunity to suit; however, the waiver is limited to the specific grounds for liability and to the amount of damages specified by the Act. *Miranda*, 133 S.W.3d at 224 ("The Texas Tort Claims Act provides a limited waiver of sovereign immunity.") (citing *Jones, 8 S.W.3d at 638,* "Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability."); see also TEX. CIV. PRAC. & REM. CODE § 101.001 *et. seq.* The waiver of immunity under the Act is limited to three general areas:

(1)  claims arising out of the use of motor-driven vehicles and motor-driven equipment;
(2)  claims arising from the condition or use of real property; and
(3)  claims arising from the condition or use of tangible personal property.

*See* TEX. CIV. PRAC. & REM. CODE § 101.021; *City of Denton v. Page*, 701 S.W.2d 831, 834 (Tex. 1986).

In this instance, Plaintiff's false arrest and malicious prosecution claims do not arise out of the use of a motor vehicle, condition or use of real property, or condition or use of tangible personal property. Pl.'s Orig. Pet., pp 1-3, ¶¶ 6-13. Accordingly, Plaintiff's claims do not fall within the limited waiver of immunity provision contained in § 101.021 of the TEX. CIV. PRAC. & REM. CODE in order for Plaintiff to recover against Iowa Colony.

7

Because Plaintiff's state law claims do not fall within the limited waiver of immunity provision of § 101.021, Iowa Colony is immune to Plaintiff's claims. Therefore, the trial court did not err in granting Iowa Colony's Plea to the Jurisdiction dismissing Plaintiff's claims against Iowa Colony because it does not have subject matter jurisdiction to determine the subject in controversy. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ.); *see* also *Hardin County Sheriff's Dept. v. Smith*, 290 S.W.3d 550 (Tex. App.—Beaumont 2009, no pet.) (Person who was wrongfully arrested did not state a viable claim under § 101.021 because injury was not caused by motor vehicle or condition or use of property).

**B. Waiver by Deceit or Misconduct Argument Not Presented to the Trial Court and Raised for the First Time on Appeal**

Plaintiff's argument that government immunity has been waived by deceit and misconduct (Appellant's Brief, pg. 4) should be overruled because Plaintiff did not raise this argument with the trial court and, therefore, is waived. [CR 29-32]; *See* TEX. R. APP. P. 33.1; *Salmeron v. T-Mobile West Corp.*, 2009 Tex. App. LEXIS 1105, at *2 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (to preserve complaint for review, appellant was required to make a timely request, objection, or motion specifying the action the trial court was requested to take, and obtain an adverse ruling, or the issue is waived); *City of Houston v. Clear Creek Basin Auth.*,

8

589 S.W.2d 671, 677 (Tex. 1979) (non-movant may not urge on appeal as reason for reversal "any and every new ground that he can think of").

Accordingly, the Court should overrule Plaintiff's argument that government immunity has been waived by deceit and misconduct because Plaintiff did not present this issue to the trial court and is waived. *Duke*, 783 S.W.2d at 210 ("A court of appeals may not reverse a trial court's judgment in the absence of properly assigned error"); *Central Education Agency v. Burke*, 711 S.W.2d 7, 9 (Tex. 1986) ("the court of appeals could not raise grounds for reversal sua sponte.").

## IV. ISSUE NO. 2: IOWA COLONY IS ALSO IMMUNE FROM APPELLANT'S CLAIMS BECAUSE APPELLANT'S INTENTIONAL TORT CLAIMS FOR FALSE ARREST AND MALICIOUS PROSECUTION ARE SPECIFICALLY EXEMPTED FROM THE WAIVER OF IMMUNITY PURSUANT TO § 101.057 OF THE TEXAS CIVIL PRACTICES & REMEDIES CODE.

The Court did not err in granting Iowa Colony's Plea to the Jurisdiction because Appellant's intentional tort claims for false arrest and malicious prosecution are specifically exempted from the waiver of immunity pursuant § 101.057 of the TEX. PRAC. & REM. CODE.

### A. Immunity Not Waived for Intentional Torts

The Court did not err in granting Iowa Colony's Plea to the Jurisdiction because the Texas Tort Claims Act does not waive immunity for intentional torts. *Delaney v. University of Houston*, 835 S.W.2d 56, 58 (Tex. 1992); *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ

9

denied); See also *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994); *Riggs v. City of Pearland*, 177 F.R.D. 395, 405 (S.D. Tex. 1997). In fact, intentional torts are specifically exempted from the coverage of the Texas Tort Claims Act. Section 101.057 of the TEX. PRAC. & REM. CODE provides:

> This chapter does not apply to a claim:
>
> (1) based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion; or
>
> (2) arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

Tex. Civ. Prac. & Rem. Code § 101.057. "This limitation provides that claims 'arising out of assault, battery, false imprisonment, or any other intentional tort' are not actionable" under the TTCA. *McCord v. Memorial Med. Ctr. Hosp.*, 750 S.W.2d 362, 363 (Tex. App.—Corpus Christi 1988, no writ); see also *Riggs*, 177 F.R.D. at 405; *Callis v. Sellars*, 953 F. Supp. 793, 801 (S.D. Tex. 1996); *Dunn*, 796 S.W.2d at 261; *Dupre v. Harris County Hosp. Dist.*, 8 F. Supp. 2d 908, 928 (S.D. Tex. 1998).

Furthermore, Appellant's causes of action against Iowa Colony for false arrest and malicious prosecution have consistently been held by Texas courts to be causes of action that are not viable against governmental entities in Texas. *Pineda v. City of Houston*, 175 S.W.3d 276 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (TTCA specifically waiver of immunity for intentional torts); *Kmiec*, 902 S.W.2d

10

at 122 (City was not liable under the Tort Claims Act for false arrest, malicious prosecution, or defamation claims); *Cronen v. Ray*, 2006 Tex. App. LEXIS 7952, *12 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (Appellant's false arrest and imprisonment claims did not fall within the limited waiver of immunity provision of the TTCA and are barred); *Dunn*, 796 S.W.2d at 261 (City immune from liability for false arrest of police officer). Intentional tort claims of the kind that Appellant is attempting to assert in this matter simply are not actionable against governmental entities under Texas law.

Thus, it is clear that the causes of action that Appellant attempted to plead against Iowa Colony are not within the exceptions to immunity contained within the Texas Tort Claims Act and Iowa Colony's sovereign immunity remains intact. As such, the Court did not have subject matter jurisdiction to hear the Appellant's state law claims against Iowa Colony and these claims were properly dismissed.

V. **ISSUE NO. 3: APPELLANT'S DECISION TO FILE SUIT AGAINST IOWA COLONY FOREVER BARRED APPELLANT FROM RECOVERING INDIVIDUALLY AGAINST HEARN AND THE TRIAL COURT'S DISMISSAL OF APPELLANT'S CLAIMS AGAINST HEARN WAS MANDATORY AND PROPER PURSUANT TO § 101.106 OF THE TEXAS CIVIL PRACTICES & REMEDIES CODE.**

The Court did not err in granting Hearn's Motion to Dismiss because Appellant's decision to file suit against Iowa Colony forever barred Appellant from

recovering individually against Hearn pursuant to § 101.106(a) of the Texas Civil Practices & Remedies Code.

Hearn is entitled to government immunity from Appellant's state law claims as a government employee acting within the course and scope of his duties and Appellant's claims against Hearn are barred as a matter of law under the Texas Tort Claims Act. Section 101.106(a) of the Texas Civil Practices & Remedies Code provides that "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against an individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a); *Hintz v. Lally*, 305 S.W.3d 761 (Tex. App.—Houston [14th Dist.] 2009, pet. denied), *abrogated in part as stated in, followed by, cited by Williams v. Nealon*, 394 S.W.3d 9, 13 (Tex. App.—Houston [1st Dist.] June 7, 2012, pet. denied).

In addition, Section 101.106(e) of the Texas Civil Practices & Remedies Code provides that, "[i]f a suit is filed under this chapter against both the governmental unit and any of its employees, the employees ***shall be immediately dismissed*** on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e) (emphasis added); see *Holland v. City of Houston*, 41 F. Supp. 2d 678, 716-18 (S.D. Tex. 1999); *Dallas County Mental Health & Mental*

12

*Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998), *cert. denied*, 142 L. Ed. 2d 450, 119 S. Ct. 541 (1998); *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997); *Thomas v. Oldham*, 895 S.W.2d 352, 355 (Tex. 1995); *White v. Annis*, 864 S.W.2d 127, 131 (Tex. App.—Dallas 1993, writ denied).

Accordingly, the trial court did not err in granting Hearn's Motion to Dismiss because Hearn is entitled to government immunity as a government employee acting within the course and scope of his duties and Appellant's claims against Hearn are barred as a matter of law under the Texas Tort Claims Act.

## CONCLUSION

The trial court did not err in granting Iowa Colony's Plea to the Jurisdiction because Plaintiff's state law claims do not fall within the limited waiver of immunity provision of § 101.021 of the Texas Civil Practices & Remedies Code. In addition, the trial court did not err in granting Iowa Colony's Plea to the Jurisdiction because the Texas Tort Claims Act does not waive immunity for intentional torts pursuant to § 101.057 of the Texas Civil Practices & Remedies Code. Finally, the trial court did not err in granting Hearn's Motion to Dismiss because Hearn is entitled to a dismissal of this matter pursuant to § 101.106(e) of the Texas Civil Practices & Remedies Code.

## PRAYER

For these reasons, Appellees Iowa Colony and Louis C. Hearn, Jr. respectfully pray that this Court overrule Appellant's claim that the trial court erred and affirm the trial court's orders granting Iowa Colony's Plea to the Jurisdiction and Hearn's Motion to Dismiss. Appellees pray for any further relief, in law or equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**GORDON & REES, LLP**

By: _/s/ Steven D. Selbe_
    STEVEN D. SELBE
    State Bar No. 18004600
    sselbe@gordonrees.com
    ANDREW J. PRATKA
    State Bar No. 24079159
    apratka@gordonrees.com
    1900 West Loop South, Suite 1000
    Houston, Texas 77027
    Telephone: (713) 961-3366
    Facsimile: (713) 961-3938

**Attorneys for the City of Iowa Colony
and Louis C. Hearn, Jr.**

## CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. P. 9.4(I)(3)

This brief complies with the word limitation of TEX. R. APP. P. 9.4(I)(2)(B) because it contains 2,392 words.

    _/s/ Steven D. Selbe_
    Steven D. Selbe

# CERTIFICATE OF SERVICE

This is to certify that on this 9th day of October, 2015, a true and correct copy of the foregoing was served on the counsel and parties identified below by Certified U.S. Mail RRR, Regular U.S. Mail, and Electronic Mail in accordance with the Texas Rules of Civil Procedure:

Billy Joe Henderson, *Pro Se Appellant*
2003 S. Adoue #3
Alvin, Texas 77511
(832) 305-2012
Billyh713@hotmail.com


        */s/ Steven D. Selbe*
        STEVEN D. SELBE

IOWA/1103932/25033002v.1